JOHN SULLIVAN (CSB#204648)
17532 Miranda Street
Encino, CA 91316
Tel:818-769-7236
Email:Sullivan.John84@gmail.com

Attorney for Clay Villanueva

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF:<br><br>APPROXIMATELY $8,025.00 IN U.S. CURRENCY AND OTHER PROPERTY LISTED IN APPENDIX ONE | Case No. 21-cv-01278-JAT<br><br>DEFENDANT CLAY VILLANUEVA'S REPLY TO THE STATE'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS<br><br>Removed from:<br>Maricopa County Superior Court<br>Case No. CV2021-007240 |

    The State of Arizona is attempting to take Defendant Clay Villanueva's home. This is the home where Defendant raised his son and currently lives with his wife. This is the home that Defendant purchased in 2003 and where he has lived continuously for 18 years. The basis for the State's forfeiture action is an allegation that Defendant is an Arizona drug kingpin who had $4 million worth of the illegal drug DMT in his house, an allegation that the Attorney General and his deputies know to be false and yet continue to assert in bad faith. To achieve this miscarriage of justice, the State of Arizona is attempting to rely on a superseded Arizona statute that was amended by the Legislature in May 2021 precisely because the Arizona Attorney General too often abused his authority under the old statute. Despite these undisputed facts, the State asks this Court to ignore the substantive and procedural requirements that govern this suit. For the reasons discussed below, the State's request for leeway should be denied.

## A. The Court Lacks Jurisdiction Due to Ineffective Service

Arizona Rule of Civil Procedure 4.1 provides that "[t]he summons and the pleading being served must be served together within the time allowed under Rule 4(i)." Ariz. R. Civ. P. 4.1. Even assuming, *arguendo*, that the State filed a verified Complaint with the Clerk of Court, the verified complaint was not served together with the summons. Because the State never properly effected service on Defendant pursuant to Arizona Rule of Civil Procedure 4.1, this Court lacks jurisdiction over Defendant Clay Villanueva. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."); *see also* Fed. R. Civ. P. 4(e)(1) (plaintiffs may utilize the service of process rules that apply in the state in which the district court is located).

The State has not even attempted to justify its ineffective service in this case. Given the stakes of this case and the manner in which it is being prosecuted, the State is not entitled to the leeway they request. As the Supreme Court has noted, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).

The Court should reject the State's efforts to mischaracterize ineffective service with a "clerical error." For decades the Attorney General has brutally enforced the procedural requirements of the civil asset forfeiture statute. The State has not hesitated to capitalize on minor errors to dispossess Arizona citizens of their land, homes, cars and other personal property. *See, e.g., State ex rel. Goddard v. Ochoa*, 224 Ariz. 214, 228 P.3d 950, (Ariz. Ct. App. 2010) (Arizona Attorney General successfully sought to strike the verified claim of a claimant serving 18-months in an out-of-state prison because the claim was filed one day late). The Attorney General's failure to properly serve Defendant is a failure to abide by the requirements of Rule 4.1 of the Arizona Rules of Civil Procedure and a failure to provide service of process. For these reasons, and the

reasons outlined in Defendant's Motion to Dismiss, the State's complaint should be dismissed.

### B. The State Effectively Concedes that the Complaint was Rife with Absurdities and Falsehoods

Even if the State were to eventually meet its filing and service obligations, it is absolutely certain the complaint will be dismissed because the verification of the facts in the complaint was false and fraudulent. Defendant's Motion to Dismiss details the absurd and false allegations contained in the State's complaint. *See* Dkt. 6 at pages 10-12. The State's Opposition does not even attempt to justify or support the allegations in the Complaint, stating only that the substantive issues raised by Defendant are not "appropriate." Dkt. 11 at 4. Because the State has effectively conceded that its pleading contained indefensible absurdities and deceptions, Defendant's Motion to Dismiss should be granted.

Notably, this is not the first time Detective Gabriel Almanza has been called upon to verify a false complaint. In 2010, Almanza signed a criminal complaint under oath that was filed by now-disbarred Maricopa County Attorney Andrew Thomas. Almanza verified a criminal complaint accusing a judge of bribery, when Almanza had no personal knowledge of any crime the judge had committed. Further investigation by an Independent Counsel revealed that the County Attorney knew the allegations in the Complaint were false at the time he ordered Almanza to verify the false allegations in a Complaint. *See* Dkt. 15-11 (Opinion and Order Imposing Sanctions at ¶¶ 314; 325-328; 477).

### C. This Court Should Dismiss the Case In its Entirety

Remand in this case would prove futile because the State of Arizona has not met basic jurisdictional requirements. *See Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991). Under Arizona forfeiture laws, the State cannot commence a forfeiture proceeding in Maricopa County without meeting its service of process obligations. Arizona has represented to this Court that it filed a verified complaint, *see* Docket No. 11,

but the State has failed to serve a copy of any such verified complaint on Defendant pursuant to Arizona Rule of Civil Procedure 4.1.  In light of the State's failure to properly effect service, remand would prove futile and Defendants' motion to dismiss should be granted.

      Defendant respectfully requests that the Court to dismiss the forfeiture claim in its entirety without prejudice.  If the State wishes to revisit the allegations and re-file the *in rem* and *in personam* forfeiture claim, it can file and serve a new verified complaint as appropriate.

Dated:  October 4, 2021        JOHN SULLIVAN
/s/John Sullivan
JOHN SULLIVAN (127139)
Attorney for Plaintiffs
Arizona Yagé Assembly,
North American Association of Visionary Churches,
and Clay Villanueva