**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, | No. CV-21-01278-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| $8,025.00 in U.S. Currency, et al., | |
| Defendants. | |

Pending before the Court are Defendant's Motion to Dismiss (Doc. 6) and Plaintiff's Motion to Remand (Doc. 9). Contained within the Motion to Remand is a request for attorney fees. (Doc. 9 at 4). The Motion to Remand (Doc. 9) has been fully briefed. Having considered Plaintiff's Motion to Remand, the Court concludes that it lacks jurisdiction to decide the Motion to Dismiss. The Court now rules.

**I.     BACKGROUND**

On May 3, 2021, Plaintiff filed a Complaint for *in personam* and *in rem* civil asset forfeiture against Defendant Clay Villanueva in Maricopa County Superior Court. On July 23, 2021, Defendant removed this matter to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. § 1331, § 1367(a), § 1441, § 1443, and § 1446, alleging federal question jurisdiction, jurisdiction based on Plaintiff's assertion of claims constituting compulsory counterclaims to an earlier filed federal lawsuit, and jurisdiction based on a violation of Defendant's civil rights. (*See* Doc. 1 at 2, 8–12). On July 29, 2021, Defendant filed a Motion to Dismiss for lack of jurisdiction. (Doc. 6). On August 23, 2021,

Plaintiff filed a Motion to Remand this action to Maricopa County Superior Court for lack of subject matter jurisdiction. (Doc. 9). On October 2, 2021, Defendant filed a Motion to Consolidate Cases with the earlier filed *Arizona Yage Assembly, et al. v. William Barr, et al.*, No. CV 20-2373-PHX-ROS (D. Ariz. May 5, 2020) (Doc. 20) and a Motion to Stay this action pending that consolidation motion (Doc. 16). On October 4, 2021, this Court denied the Motion to Stay and ordered the parties to fully brief the pending Motion to Dismiss and Motion to Remand. (Doc. 17). On October 9, 2021, Plaintiff filed a Motion to Stay in *Arizona Yage Assembly* pending this Court's order on the Motion to Remand. *Arizona Yage Assembly, et al.*, No. CV 20-2373-PHX-ROS, Doc. 134. On October 15, 2021, Judge Roslyn O. Silver granted the Motion to Stay in part, ordering a stay of the deadlines to respond to the Motion to Consolidate until this Court enters an order on the Motion to Remand. *Id.* at Doc. 135. On October 26, 2021, Judge Silver denied the Motion to Consolidate. *Id.* at Doc. 136.

## II.     LEGAL STANDARD

Because if the Court does not have jurisdiction over this action, it cannot rule on the Motion to Dismiss, the Court will address the Motion to Remand first. *See* 28 U.S.C. § 1447(c); *see also Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997). Defendant removed on the basis of federal question jurisdiction, jurisdiction based on Plaintiff's assertion of claims constituting compulsory counterclaims to an earlier filed federal lawsuit, and jurisdiction based on a violation of Defendant's civil rights, invoking 28 U.S.C. § 1331, § 1367(a), § 1441, § 1443, and § 1446. (*See* Doc. 1 at 2, 8–12). Plaintiff claims that no basis for removal exists. (Doc. 9 at 2).

28 U.S.C. § 1331 gives federal district courts original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. Federal question jurisdiction exists only if a complaint establishes that a case arises under federal law. *Franchise Tax Bd. of State of California v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).

The removal statute, 28 U.S.C. § 1441, provides, in pertinent part: "[A]ny civil

action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only ... actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

Courts strictly construe the removal statute against removal jurisdiction. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (internal citations omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* If at any time it appears that the district court lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c).

In responding to the Motion to Remand, Defendant argues that removal was proper under 28 U.S.C. § 1443, or in the alternative, that remand would be futile, or the Court may exercise supplemental jurisdiction to retain the action. (Doc. 15 at 10, 18–19).

**III. ANALYSIS**

Plaintiff asserts that the Court must remand the case to state court because it lacks subject matter jurisdiction. (Doc. 9 at 2). Defendant invoked 28 U.S.C. § 1331, § 1367(a), § 1441, § 1443, and § 1446 in the Notice of Removal. (Doc 1 at 2). Although Defendant's Response to Plaintiff's Motion to Remand (Doc. 15) largely only addresses subject matter jurisdiction under § 1443 and raises additional arguments of futility and supplemental jurisdiction, the Court briefly addresses federal question jurisdiction because it was invoked by the Notice of Removal. (Doc. 1).

**a. Federal Question Jurisdiction**

Defendant alleged federal question jurisdiction in his Notice of Removal but did not address it in his Response. (*Compare* Doc. 1 at 2 *with* Doc. 15). The Court addresses federal

- 3 -

question jurisdiction briefly for completeness.

A review of Plaintiff's Complaint reveals that it alleges only state law causes of action. Plaintiff does not make any claims under federal laws in the pending litigation. The Complaint does not even mention a federal statute or constitutional provision. The Court finds the Complaint devoid of any federal causes of action. The Court therefore does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Instead, Defendant's Response asserts a litany of reasons why the state law civil forfeiture action is designed to violate Defendant's constitutional rights. (Doc. 15 at 3–5). As noted in Plaintiff's Motion to Remand, however, Defendant's allegations of state misconduct amount to nothing more than defenses to the forfeiture action. (Doc. 9 at 3). Because subject matter jurisdiction is assessed via the claims pled in the complaint only, Defendant has not shown that this case arises from a federal question such that this Court's jurisdiction is proper. *Franchise Tax Bd. of State of California*, 463 U.S. at 10 ("a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law") (emphasis in original).

### b. Removal Under § 1443

Most of Defendant's Response is dedicated to his attempt to establish jurisdiction under 28 U.S.C. § 1443(1), which provides, in relevant part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof….

(Doc. 15 at 10–17). The Supreme Court in *Georgia v. Rachel* articulated a two-part test for establishing proper removal under § 1443. 384 U.S. 780 (1966). First, the party seeking removal must assert "rights that are given to them by explicit statutory enactment protecting equal racial civil rights" as a defense to the state court action. *Patel v. Del Taco*, 446 F.3d 996, 999 (9th Cir. 2006) (quotations omitted). Second, the removing party must

- 4 -

"assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.* The *Rachel* Court made clear that § 1443 applies only to removal of cases involving a "law providing for *specific* civil rights stated in terms of racial equality." *Rachel*, 384 U.S. at 792 (emphasis added).

First, Defendant asserts that Arizona's civil forfeiture statute is designed "to seize and sell the land of Latinos who are suspected of 'participating' in a crime" as evidenced by alleged false representations in the Complaint that the Defendant had approximately four million dollars' worth of illicit drugs in his home. (Doc. 15 at 12–13). Defendant argues that by alleging that the civil forfeiture action violates his rights of due process and equal protection under the Fourteenth Amendment, he has satisfied his burden to show that removal is proper under § 1443(1). (*Id.* at 11, 13–14).

Seemingly in the alternative, Defendant asks the Court to broadly construe the language in § 1443(1) to apply to his right to free exercise of religion under the First Amendment and the Religious Freedom Restoration Act ("RFRA"). (*Id.* at 14–16). Defendant concedes that the *Rachel* Court limited the application of § 1443(1) to removal proceedings regarding concerns about racial inequality. (*Id.* at 14). Nonetheless, Defendant asks the Court to go against that precedent to provide a broader interpretation of "equal civil rights" under § 1443(1) and construe the language therein to cover rights to religious freedoms. (*Id.*)

To support his position, Defendant cites to the Fourth Circuit's disagreement with the *Rachel* decision in *Vlaming v. W. Point Sch. Bd*. 10 F.4th 300 (4th Cir. 2021). But Defendant's Response quotes language from *Vlaming* articulating that "it is the Supreme Court's decision, not [the Fourth Circuit's], as to whether the interpretation of *Rachel* is worth revisiting" and that the Fourth Circuit was "bound to apply" *Rachel*'s holding limiting § 1443(1) to racial inequality, regardless of its own views. *Id.* at 310; (*see also* Doc. 15 at 15).

Here, the Court is not at liberty to depart from Supreme Court precedent either and

is similarly bound to limit § 1443(1) to removal proceedings where racial inequality is specifically at issue. Defendant, however, does not articulate any "explicit statutory enactment protecting equal racial civil rights" required for removal under § 1443. *See Patel*, 446 F.3d at 999. As was true in *Rachel*, here too, "the [defendant's] broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under [§] 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that [§] 1443 demands." *Rachel*, 384 U.S. at 792.

Moreover, Defendant provides no evidence to corroborate his claims that Arizona's civil forfeiture statute perpetuates racial inequality or that it otherwise "command[s] the state courts to ignore" Defendant's specific federal right to racial equality.[1] Instead, Defendant's Response consists only of conclusory allegations that the Attorney General would have acted differently if Defendant were Caucasian. (Doc. 15 at 13).

Accordingly, the Court finds that Defendant has not established a ground for removal under § 1443.

### c. Compulsory Counterclaim

Defendant briefly asserts Federal Rule of Civil Procedure 13 as a basis for removal, arguing that Plaintiff's forfeiture action is a compulsory counterclaim to *Arizona Yage Assembly*. (Doc. 1 at 8–9; Doc. 15 at 19). However, Defendant's argument is belied by his own actions in *Arizona Yage Assembly* and the text of Rule 13 itself.

*Arizona Yage Assembly* was filed on May 5, 2020. *Arizona Yage Assembly, et al.*, No. CV 20-2373-PHX-ROS, Doc. 1. On June 16, 2020, the plaintiffs in that case filed a First Amended and Supplemental Complaint that, *inter alia*, added claims against the State of Arizona alleging that the execution of a search warrant at Villanueva's home resulting

---

[1] While Defendant asserts that the Arizona Legislature passed House Bill 2810, thereby preventing future civil asset forfeiture proceedings in the absence of a criminal conviction, because it recognized that "Arizona's forfeiture laws were being abused and likely violated Federal law," Defendant cites to no authority or evidence for this contention. (*See* Doc. 15 at 17).

- 6 -

in the seizure of narcotics, contraband, and related assets was a pretext to interfere with the *Arizona Yage Assembly* lawsuit. *Arizona Yage Assembly, et al.*, No. CV 20-2373-PHX-ROS, Doc. 12. On August 12, 2020, in lieu of filing any counterclaims or defenses, the State of Arizona properly filed a motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim. *Arizona Yage Assembly, et al.*, No. CV 20-2373-PHX-ROS, Doc. 29. In opposition to the motion to dismiss, the *Arizona Yage Assembly* plaintiffs "concede[d] that the State of Arizona should be dismissed from the action." *Arizona Yage Assembly, et al.*, No. CV 20-2373-PHX-ROS, Doc. 44 at 2. Noting the plaintiffs' concession, the Court granted the motion to dismiss based on a lack of personal jurisdiction over the State of Arizona. *Arizona Yage Assembly, et al.*, No. CV 20-2373-PHX-ROS, Doc. 57 at 2, 22. Accordingly, on December 24, 2020, the plaintiffs filed a request for dismissal of defendant State of Arizona. *Arizona Yage Assembly, et al.*, No. CV 20-2373-PHX-ROS, Doc. 69. On December 28, 2020, the Court granted the same. *Arizona Yage Assembly, et al.*, No. CV 20-2373-PHX-ROS, Doc. 70. The *Arizona Yage Assembly* plaintiffs have yet to seek leave to reassert claims against the State of Arizona. As mentioned above, on October 26, 2021, Judge Silver denied the plaintiffs' Motion to Consolidate *Arizona Yage Assembly* with the present case. *Id.* at Doc. 136.

Over six months after the Court dismissed the State of Arizona from *Arizona Yage Assembly*, the State of Arizona filed this action in Maricopa County Superior Court. (Doc. 1-1 at 7). On July 23, 2021, Defendant filed his Notice of Removal, invoking Federal Rule of Civil Procedure 13. (Doc. 1). Defendant contends that Plaintiff's state law forfeiture action is a compulsory counterclaim to the pending *Arizona Yage Assembly* lawsuit because he joined *Arizona Yage Assembly* as a plaintiff to assert claims against the State of Arizona based on the same purportedly unconstitutional search and seizure underlying the forfeiture lawsuit. (Doc. 15 at 19). Under Defendant's theory, because both complaints detail the facts regarding the search and seizure, the lawsuits arise out of the same transaction or occurrence within the meaning of Federal Rule of Civil Procedure 13(a). (*Id.*)

In its Motion to Remand, Plaintiff asserts that it is unaware of any court decision

holding that a state law forfeiture action is a compulsory counterclaim to a civil lawsuit in federal court (Doc. 9 at 3). Indeed, Defendant does not cite any cases, and this Court is not aware of any, holding that a compulsory counterclaim can be the basis for removal where a state law claim brought in state court is alleged to be compulsory to a previously filed federal lawsuit. However, the Court need not reach that question because Defendant conceded (and later explicitly requested) that the State of Arizona should be dismissed from *Arizona Yage Assembly* based on the court's lack of personal jurisdiction over the State of Arizona. *See Arizona Yage Assembly, et al.*, No. CV 20-2373-PHX-ROS, Doc. 44, Doc. 69.

Federal Rule of Civil Procedure 13(a) defines a compulsory counterclaim: "[a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) *does not require adding another party over whom the court cannot acquire jurisdiction*." Fed. R. Civ. Pro. 13(a) (emphasis added). Rule 13 goes on to state that "[t]he pleader need not state the claim if: … [] the opposing party sued on its claim by attachment or other process that did not establish personal jurisdiction over the pleader on that claim, and the pleader does not assert any counterclaim under this rule." *Id.* By its very definition, the rule excludes from compulsory counterclaims any claims requiring the addition of improper parties over which the court does not have jurisdiction.

As discussed above, the *Arizona Yage Assembly* Court determined, and the plaintiffs agreed, that it could not exercise personal jurisdiction over the State of Arizona in that lawsuit. *Arizona Yage Assembly, et al.*, No. CV 20-2373-PHX-ROS, Doc. 57 at 2, 22. The *Arizona Yage Assembly* Court absolved the State of Arizona from any duty to file a responsive pleading and counterclaims when it granted the motion to dismiss for lack of personal jurisdiction.[2] The Court declines to require the State of Arizona to attempt to file

---

[2] While these motions and rulings occurred before venue was changed from California to Arizona, the Court's orders in CV 20-2373-PHX-ROS preceding the change of venue remain controlling in that case and have never been revisited following transfer to Arizona. Thus, this Court has treated those Orders as the law of the case in CV 20-2373-PHX-ROS.

- 8 -

counterclaims to a lawsuit where it is not a proper party. *See United Artists Corp. v. Masterpiece Productions*, 221 F.2d 213, 217 (2d Cir. 1955) ("Basic considerations of fairness dictate that potential parties cannot be forced to enter litigation without due service of process upon them"). Thus, Federal Rule of Civil Procedure 13 does not provide a legitimate basis to remove this case to Federal Court.

### d. Futility

For the first time in his Response, Defendant argues that the Court has discretion to deny the Motion to Remand because a remand would be futile given that Plaintiff's case has jurisdictional defects. (Doc. 15 at 18). In particular, Defendant points to Plaintiff's failure to serve a signed verified complaint on him as required by Arizona Rule of Civil Procedure 4.1. (*Id.*) In the alternative, Defendant asserts that even if a verified complaint is eventually served (which it has been as of the writing of this Order), the complaint will be dismissed because the verification is false and fraudulent. (*Id.*; *see* Doc. 9-1 at 5–6). Defendant relies on *Bell v. City of Kellogg*, 922 F.2d 1418 (9th Cir. 1991). (Doc. 15 at 18).

In response, Plaintiff contends that *Bell* is inapposite because that case dealt with a motion to remand pendant state law claims after federal law claims were dismissed. (Doc. 18 at 4). The Court does not agree that the futility doctrine is limited to motions to remand concerning state law claims contained within a federal lawsuit.

In *Bell*, the Ninth Circuit affirmed the district court's dismissal of state law claims in lieu of a remand to state court. 922 F.2d at 1424–25. The Ninth Circuit reasoned that any remand would have been futile because the state court would have been required to dismiss the case based on the parties' failure to comply with statutory bond requirements. *Id.* The Ninth Circuit noted that dismissal instead of remand is appropriate only "where there is absolute certainty that the remand would prove futile." *Id.* at 1425 (quotations omitted).

Here, there is no such certainty. Although Defendant filed a Motion to Dismiss for lack of jurisdiction (Doc. 6) based on Plaintiff's failure to serve a verified complaint, Plaintiff has since served a properly verified complaint and has requested that Defendant

withdraw his motion as moot (Doc. 9-1 at 5–6). Moreover, Defendant's allegation that "it is absolutely certain the complaint will be dismissed because the verification of the facts in the complaint was false and fraudulent" is not persuasive. (Doc. 15 at 18). The credibility of Detective Gabriel Almanza, the signer of the verification, and the facts alleged in the complaint are issues of fact to be viewed in the light most favorable to Plaintiff at the motion to dismiss stage. *See Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) ("[T]he plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.") (quotations omitted). Thus, it is not an "absolute certainty" that the state court will immediately dismiss the case upon remand, so the remand would not be futile.

### e. Supplemental Jurisdiction

In his Response only, Defendant asserts supplemental jurisdiction as a basis for removal.[3] (Doc. 15 at 18–19).

Defendant contends that the Court may exercise supplemental jurisdiction to keep the forfeiture action because it is "based on the same incident and contentions" as *Arizona Yage Assembly*. (Doc. 15 at 19). However, Defendant concedes that "supplemental jurisdiction does not provide an independent basis for removal." (*Id.*); *Patel*, 446 F.3d at 999 ("Section 1367, which provides for supplemental jurisdiction, is not a basis for removal.").

Instead, Defendant reiterates that this case should have been filed as a compulsory counterclaim to *Arizona Yage Assembly*, so the Court can exercise its supplemental jurisdiction to keep this case in federal court. The Court disagrees with Defendant that this action should have been brought as a compulsory counterclaim to *Arizona Yage Assembly*, for the reasons discussed above in III.a.

Because the Court finds no other basis for removal here, the Court is not able to retain jurisdiction over the forfeiture action by exercising supplemental jurisdiction under

---

[3] Defendant's Notice of Removal references supplemental jurisdiction under § 1367 as a ground for removal in its introduction but does not explain how that section applies. (Doc. 1 at 1).

§ 1367.

### IV. ATTORNEY FEES

Plaintiff seeks attorney fees under § 1447(c) in the Motion to Remand. (Doc. 12 at 6–7). Defendant did not respond to Plaintiff's arguments regarding attorney fees.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Attorney fees should not be awarded unless the removing party "had no objectively reasonable basis for removal." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006); *see Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Where the basis for removal is "clearly foreclosed," the party did not have an objectively reasonable basis for removal. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008).

Defendant had no objectively reasonable basis for removal. As set forth above, there is no plausible ground for removal based on Federal Rule of Civil Procedure 13's compulsory counterclaim provisions where the *Arizona Yage Assembly* court dismissed the claims against the State of Arizona for lack of personal jurisdiction; nor is there a ground for removal based on supplemental jurisdiction, which Defendant admits in his Response. Any ground for removal based on § 1441(a) is clearly foreclosed because the Complaint contains no reference to federal law or any claims arising therefrom. *Franchise Tax Bd. of State of California*, 463 U.S. at 10. Similarly, there is no ground for removal under § 1443 and Defendant's contention that it applies to this case is frivolous.

Defendant's Response to Plaintiff's Motion to Remand is telling. Defendant did not respond to Plaintiff's arguments that Defendant provides no authority for its position that compulsory counterclaims can constitute a basis for removal or that Plaintiff should be entitled to attorney fees. Indeed, Defendant appears to have altogether failed to review the text of Federal Rule of Civil Procedure 13 before attempting to rely on it. Moreover, the Response does not discuss federal question jurisdiction at all, even though it was asserted in the Notice of Removal.[4] While Defendant's response elaborates on its removal

---

[4] Notably, prior to filing its Motion to Remand, Plaintiff emailed Defendant requesting Defendant to "explain…with specificity, the basis for [his] assertion of federal question

arguments under § 1443, the 20-page response fails to articulate either of the required conditions for removal under § 1443: (1) specific civil rights of racial equality arising under a federal statute applicable to Defendant; and (2) a state law commanding state courts to ignore those rights. *Patel*, 446 F.3d at 999. And, Defendant's futility argument is clearly foreclosed given Plaintiff's correction of the defects in the Complaint and the credibility issues raised by Defendant. Thus, it appears that Defendant clearly failed to investigate whether there was any objectively reasonable basis for removal of this action from state court, and the Court finds none.

While Defendant appeared pro se when filing his Notice of Removal, he retained counsel before filing his Response to the Motion to Remand. There is no excuse for Defendant's or his counsel's failure to do basic legal research and factual investigation to ensure that he had an objectively reasonable basis for removal.

The Court finds entitlement to attorney fees under § 1447(c). Plaintiff's request for attorney fees will be granted but is limited to the reasonable fees it incurred in seeking remand. Plaintiff must establish the amount of its reasonable attorney fees in a motion that complies with Local Rule 54.2.

### V.     CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 9) is **GRANTED**. The Clerk of Court shall **REMAND** this case to the Maricopa County Superior Court.

**IT IS FURTHER ORDERED**, based on the Court's finding that Plaintiff is entitled to attorney fees under § 1447(c), that Plaintiff's request for attorney fees (contained within the Motion to Remand (Doc. 9)) is **GRANTED**, but only to the extent entitlement has been shown. Plaintiff must establish the amount of its reasonable attorney fees by motion. This motion must be filed within fourteen days of the date that this Order is filed. The motion for attorney fees must be limited to reasonable attorney fees incurred in seeking remand. The motion for attorney fees must be in accordance with District of Arizona Local Rule of

---

jurisdiction" underlying his Notice of Removal, to which Defendant did not respond. (*See* Doc. 9-1 at 4–6).

Civil Procedure 54.2. The motion for attorney fees must be accompanied by an electronic spreadsheet, to be e-mailed to the Court and opposing counsel, containing an itemized statement of legal services with all information required by Local Rule 54.2(e). This spreadsheet shall be organized with rows and columns and shall automatically total the amount of fees requested so as to enable the Court to efficiently review and recompute, if needed, the total amount of any award after disallowing any individual billing entries. This spreadsheet does not relieve the moving party of its burden under Local Rule 54.2(d) to attach all necessary supporting documentation to its memorandum of points and authorities filed in support of its motion. A party opposing a motion for attorney fees shall e-mail to the Court and opposing counsel a copy of the moving party's spreadsheet adding any objections to each contested billing entry (next to each row, in an additional column) so as to enable the Court to efficiently review the objections and recompute the total amount of any award after disallowing any individual billing entries. This spreadsheet does not relieve the nonmoving party of the requirements of Local Rule 54.2(f) concerning its responsive memorandum.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 6) shall remain pending for decision by the state court.

Dated this 2nd day of November, 2021.

_____
James A. Teilborg
Senior United States District Judge